■ JUDY TAYLOR, Formerly Known as JUDY T. CRONHEIM, Respondent, v CARL P. CRONHEIM, Appellant.—Order, Supreme Court, New York County (Burton S. Sherman, J.), entered September 12, 1986, granting plaintiff's motion for a money judgment in the sum of $7,045.70 in arrears, plus costs and interest, and denying defendant's cross motion for reimbursement for the cost of certain medical insurance coverage, affirmed, without costs.

Order, Supreme Court, New York County (Burton S. Sherman, J.), entered February 4, 1987, which, *inter alia,* directed with regard to certain disputes to be resolved in arbitration that, in the event such a dispute was to be resolved in plaintiff's favor after arbitration, the defendant was to waive all further decision-making power in connection with the parties' child, modified, on the law and on the facts, to provide that defendant shall waive such decision-making power only in the event that he fails to comply with the arbitration award, and otherwise affirmed, without costs.

Appeal from judgment of the Supreme Court, New York

County (Burton S. Sherman, J.), entered February 23, 1987, granting plaintiff's motion for money judgment embodied in the first order appealed from, dismissed, without costs.

Order of the Supreme Court, New York County (Burton S. Sherman, J.), entered March 4, 1987, which granted renewal and reargument of the aforesaid orders and judgment only to the extent of granting defendant a $500 credit, and otherwise denying the application, affirmed, without costs.

We are in agreement with the I. A. S. court's determination of the varied issues presented, except with respect to that part of the order dated February 4, 1987, which, with regard to certain disputes to be referred to arbitration, provided forfeiture of the defendant's decision-making powers concerning the child of the two parties in the event that the arbitration award was contrary to defendant's demands. We are not persuaded that defendant's rights under the separation agreement to participate in decisions affecting the child should be forfeited merely because a particular dispute referred to arbitration is determined adversely to him, and accordingly modify that part of the relevant order as indicated above. Concur—Murphy, P. J., Sandler, Carro, Rosenberger and Wallach, JJ.